5 FED. CAS.—22

## Case No. 2,539.

### CAZENOVE v. DARREL et al.

[2 Cranch, C. C. 444.] [1]

Circuit Court, District of Columbia. Nov. Term, 1823.

JUSTICE OF THE PEACE—REDUCTION OF CLAIM TO CONFER JURISDICTION.

A creditor has no right to give a false credit upon a note so as to reduce it to the jurisdiction of a justice of the peace.

[Cited in Maddox v. Stewart, Case No. 8,934.]

Appeal from the judgment of a justice of the peace.

The note was for $56.84. The warrant was for $50. Cazenove at the trial admitted payment of $6.84. The defendants Darrel and Groverman refused to accept the credit, and pleaded to the jurisdiction; but the magistrate overruled the plea, and gave judgment for $50 and costs, from which judgment the defendants appealed.

Mr. Wise and Mr. Swann, for the defendants, contended that they had a right to have the case tried, originally, in this court, and that it was not in the power of the plaintiff to deprive them of that right, by giving a fictitious credit without their consent. It requires the same authority to discharge as to bind. There must be mutual consent. In England, "if a contract be for four pounds, and a plaintiff, to give an inferior court jurisdiction, will split it into several actions, a prohibition shall go." Catchmade's Case, 6 Mod. 90.

Mr. Fendall, contra, contended that a creditor has a right to throw away his debt, or to extinguish it. No man has a right to the law's delay; it is no part of the contract. It was the practice in Virginia, under the petition law, to throw away part of the claim, and have a summary remedy for the residue. This practice must have been known to the legislature, and not having provided against it, they have sanctioned it. The matter in dispute is the criterion of jurisdiction; here $50 only were in dispute. U. S. v. McDowell, 4 Cranch [8 U. S.] 316; Wise v. Columbian Turnpike Co., 7 Cranch [11 U. S.] 276.

MORSELL, Circuit Judge. Can consent give jurisdiction? If, in order to give original jurisdiction to this court, the parties should agree that the debt was 56 dollars, when the real debt was less than 50 dollars, could the jurisdiction of this court be supported?

THE COURT (THRUSTON, Circuit Judge, absent) said they still considered the real debt, in this case, to be $56.84, and that the judgment must be reversed, and judgment of nonsuit entered with costs.

[1] [Reported by Hon. William Cranch, Chief Judge.]